THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDERSEN CONSTRUCTION COMPANY,<br><br>                    Plaintiff,<br><br>    v.<br><br>EMPLOYEE PAINTERS' TRUST, et al.,<br><br>                    Defendants. | CASE NO. C13-0580-JCC<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION |

This matter comes before the Court on Cross Claimants' and Third-Party Plaintiffs' emergency motion for a temporary restraining order and injunction (Dkt. No. 25). Having considered the motion, supporting affidavit (Dkt. No. 26), and the relevant record,[1] the Court hereby DENIES the motion (Dkt. No. 25) for the reasons explained herein.

I.      BACKGROUND

The Cross Claimants and Third-Party Plaintiffs in this matter are a group of union employee benefit trusts (collectively, "Trusts"). The Trusts hold a mechanics lien against real property described as the Harley Marine Services Administration Office Building, which the

---

[1] Schuchart Corporation has filed a notice of intent to respond to the motion. (Dkt. No. 28.) The Court does not deem it necessary to wait for that response. See Local Rules, W.D. Wash. 65(b)(5).

Trusts allege is owned by Third-Party Defendant Duwamish Properties, LLC. (Dkt. No. 19 at ¶¶ 95–96.) The mechanics lien purports to be for fringe benefit contributions owed to the Trusts for work done by union members hired by Cross Defendant FBLN, a subcontractor hired to work on the Harley Marine Services Administration Office Building project ("Project"). The Trusts' Claim of Lien was recorded by the King County Auditor on May 13, 2013 as Document No. 20130513002047. (Dkt. No. 19 at ¶ 96.) In this action, the Trusts seek to foreclose on that lien. (Dkt. No. 19 at ¶ 97.)

The Schuchart Corporation, which is not a party to this action, is the general contractor on the Project. (Dkt. No. 25 at 13.) Schuchart filed suit against the Trusts in King County Superior Court in Case No. 13-2-23899-3 SEA. Schuchart has filed a motion to release or reduce the Trusts' mechanics lien in the state court case. (Dkt. No. 25 at 12–18.) Schuchart has also sought an order to show cause why the lien should not be released or reduced and asked for a show cause hearing on July 3, 2013.[2] (Dkt. No. 25 at 20–21.)

The Trusts contacted Schuchart and asked that it dismiss the state court action because "the federal court has jurisdiction over the lien" and advised Schuchart that it would seek a temporary restraining order ("TRO") from this Court if Schuchart failed to immediately dismiss its state court action. (Dkt. No. 25 at 23–24.) The following day, the Trusts filed the instant motion for a TRO and injunction, barring Schuchart or the King County Superior Court from taking any action in Case No. 13-2-23899-3 SEA.

## II. DISCUSSION

### A. Temporary Restraining Order

A federal court may issue a TRO "with or without written or oral notice to the adverse party" only if "specific facts in the affidavit . . . clearly show that immediate and irreparable

---

[2] The Trusts assert that Schuchart "has scheduled a hearing before the Superior Court for July 3, 2013 at 1:30 p.m.," but the Trusts filed only an unsigned proposed order for a hearing. The Court assumes that the show cause hearing has been set as Schuchart requested.

1  injury, loss, or damage will result to the movant before the adverse party can be heard in
2  opposition" and the moving party's attorney "certifies in writing any efforts made to give notice
3  and the reasons why it should not be required." Fed. R. Civ. P. 65(b). "Motions for temporary
4  restraining orders without notice to and an opportunity to be heard by the adverse party are
5  disfavored and will rarely be granted." Local Rules W.D. Wash. LCR 65(b). The Trusts have
6  provided Schuchart with notice of their motion. (Dkt. No. 25 at 10.)

7  The Trusts argue that a TRO is necessary because otherwise Schuchart will "unilaterally
8  obtain from the Superior Court an order that directly affects this Court's jurisdiction and the
9  relationship between the Trusts and Duwamish." (Dkt. No. 25 at 7.) Neither Schuchart nor the
10 King County Superior Court will be doing anything "unilaterally." The Trusts have notice of
11 Schuchart's motion and the show cause hearing and will have a fair opportunity to contest
12 Schuchart's claim that the mechanics lien is excessive in the state court proceeding. There can,
13 of course, be no doubt about the competence of the state court to determine whether the Trusts'
14 mechanics lien is excessive, which is entirely a question of state law.

15 Moreover, the Court is reluctant to issue an order, temporary or otherwise, restraining the
16 power of the state court to act on a matter properly within its jurisdiction. The Court's reluctance
17 stems from both general principals of federalism and comity and the clear dictates of the Anti-
18 Injunction Act. The Anti-Injunction Act provides:

> A court of the United States may not grant an injunction to stay proceedings in a
> State court except as expressly authorized by Act of Congress, or where necessary
> in aid of its jurisdiction, or to protect or effectuate its judgments.

21 28 U.S.C. § 2283. The narrow exceptions to the general rule that federal district courts will not
22 issue injunctions to stay proceedings in state courts "should not be enlarged by loose statutory
23 construction." *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970).

24 The Trusts are correct that a federal district court may enjoin a state court proceeding "in
25 aid of its jurisdiction" where the state court's action would affect rights in property that is "in the
26 custody or possession of the federal court." *See In the Matter of Fed. Shopping Way, Inc.*, 717

ORDER DENYING MOTION FOR TEMPORARY
RESTRAINING ORDER AND INJUNCTION
PAGE - 3

F.2d 1264, 1274 (9th Cir. 1983). The Trusts assert, without citation to authority, that their action to foreclose a mechanics lien is an *in rem* proceeding. They suggest that their complaint to foreclose a mechanics lien brings the Harley Marine Services Administration Office Building into the constructive custody or possession of the Court.[3] Without a citation to authority for this proposition, the Court cannot agree. Under Washington law, "[a]ctions to foreclose [mechanics] liens are *quasi in rem* proceedings, *i.e.*, they determine the interests of certain defendants in a thing in contrast to a proceeding *in rem*, which determines the interests of all persons in a thing." *Diversified Wood Recycling, Inc. v. Johnson*, 251 P.3d 908 (Wash. Ct. App. 2011) (internal quotation marks omitted). Without citation to authority for the proposition the Court should treat property subject to a mechanics lien as it would a bankruptcy estate, for example, the Court declines to do so.

The Court will not conclusively resolve the question of whether a preliminary injunction may be appropriate in this matter on the limited record before it. The Trusts are free to seek an injunction in a motion properly noted under Local Rule 7. The parties are strongly encouraged, however, to preserve the resources of both this Court and the King County Superior Court by cooperating with each other in sharing information that will allow the Trusts to determine the contributions owed for work on the Project.

## III.   CONCLUSION

For the foregoing reasons, the Trusts' motion for a TRO and injunction (Dkt. No. 25) is DENIED.

//

//

//

//

---

[3] Indeed, it is also not clear from the record whether Third-Party Defendant Duwamish Properties has been served in this matter.

1     DATED this 28th day of June 2013.

                                                        *John C. Coughenour* (signature)

                                                        John C. Coughenour
                                                        UNITED STATES DISTRICT JUDGE